IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OLIVIA STILWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| TTWN MEDIA NETWORKS, LLC, | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

## COMPLAINT

Plaintiff Olivia Stilwell brings this Complaint against Defendant TTWN Media Networks, LLC ("TTWN") and shows this Court as follows:

## Introduction

1.

This is a wage and hour case. TTWN employed Stilwell as a Sales Support Assistant from June 18, 2018 through the date of filing this Complaint (hereinafter "the Relevant Time Period"). Throughout her employment, TTWN failed to pay Stilwell at one-and-one half times her regular hourly rate for work she performed in excess of 40 hours during each work week.

## Jurisdiction and Venue

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b),

and 28 U.S.C §1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because TTWN is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

Stilwell resides within Fulton County, Georgia.

5.

TTWN is a foreign limited liability company organized under the laws of the State of Texas.

6.

TTWN is registered to do business in the State of Georgia.

7.

TTWN is subject to the personal jurisdiction of this Court.

8.

TTWN may be served with process through its registered agent, CT Corporation System at 289 Culver Street, Lawrenceville, Georgia 30046.

**Enterprise Coverage under the FLSA**

9.

At all times during the Relevant Time Period, TTWN has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. §207(a)(1).

10.

Throughout the Relevant Time Period, two or more TTWN employees handled materials used for company business purposes including, but not limited to, computers and office supplies.

11.

Throughout 2019, TTWN employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

Throughout 2020, TTWN employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

Throughout 2019, TTWN employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

Throughout 2020, TTWN employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or

produced for commerce by any person" within the meaning of 29 U.S.C. §203(s)(1)(A).

15.

In 2019, TTWN had an annual gross volume of sales made or business done of not less than $500,000.

16.

In 2020, TTWN had an annual gross volume of sales made or business done of not less than $500,000.

17.

In 2021, TTWN is expected to have an annual gross volume of sales made or business done of not less than $500,000.

18.

Throughout the Relevant Time Period, TTWN had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. §203(s)(1)(A).

19.

Throughout the Relevant Time Period, TTWN has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA §3(s)(1), 29 U.S.C. §203(s)(1).

20.

Throughout the Relevant Time Period, Stilwell was "engaged in commerce" as an employee of TTWN within the meaning of FLSA, §7(a)(1), 29 U.S.C. §207(a)(1).

## Individual Coverage under the FLSA

21.

At all times material to this action, Stilwell was "engaged in commerce" as an employee of TTWN within the meaning of FLSA, §7(a)(1), 29 U.S.C. §207(a)(1).

## Employment Status

22.

At all times relevant from June 18, 2018 through the date of filing the within Complaint, Stilwell was an "employee" of TTWN within the meaning of FLSA §3(e)(1), 29 U.S.C. §203(e)(1).

23.

At all times relevant from June 18, 2018 through the date of filing the within Complaint, TTWN was an "employer" of Stilwell within the meaning of FLSA §3(d), 29 U.S.C. §203(d).

## Non-Exempt Status

24.

At all times during the Relevant Time Period, TTWN compensated Stilwell on an hourly basis.

25.

Throughout the Relevant Time Period, Stilwell was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §213.

26.

Throughout the Relevant Time Period, TTWN did not employ Stilwell in a bona fide executive capacity within the meaning of 29 USC §213 (a).

27.

Throughout the Relevant Time Period, TTWN did not employ Stilwell in a bona fide administrative capacity within the meaning of 29 USC §213 (a).

28.

Throughout the Relevant Time Period, TTWN did not employ Stilwell in a bona fide professional capacity within the meaning of 29 USC §213 (a).

29.

Throughout the Relevant Time Period, Stilwell did not possess a specialized degree or certification that she utilized to perform her duties on behalf of TTWN.

30.

Throughout the Relevant Time Period, TTWN did not employ Stilwell in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC §213 (a).

31.

Throughout the Relevant Time Period, Stilwell did not supervise two or more employees on behalf of TTWN.

32.

Throughout the Relevant Time Period, Stilwell did not exercise independent judgment and discretion in making significant business decisions on behalf of TTWN.

**Additional Factual Allegations**

33.

During the first three months of her employment from approximately June 18, 2018 through September 29, 2018, TTWN compensated Stilwell at an hourly rate of $16.87.

34.

From approximately October 2018 through the date of filing the within Complaint, TTWN compensated Stilwell at an hourly rate of $19.23 per hour.

35.

From approximately June 18, 2018 until approximately March 15, 2020, Stilwell worked at TTWN's office located at 3495 Piedmont Road, Atlanta, Georgia.

36.

In the fall of 2020, TTWN Media moved its office location to 1819 Peachtree Street, Suite 605, Atlanta GA 30309.

37.

From March 16, 2020 through November 25, 2020, Stilwell worked remotely from her home on behalf of TTWN.

38.

On November 26, 2020, Stilwell began a maternity leave.

39.

Stilwell plans to conclude her maternity leave on March 1, 2021.

40.

Throughout the Relevant Time Period, Stilwell's primary duties consisted of providing sales support to TTWN's Sales Managers.

41.

Occasionally during the Relevant Time Period, Stilwell also provided sales support to Account Executives working for TTWN's parent company, IHeart Media.

42.

At all times relevant to this action, Stilwell regularly worked 5 days during most work weeks.

43.

At all times relevant to this action, Stilwell regularly worked Monday through Friday.

44.

During the Relevant Time Period, Stilwell entered her working hours as directed through the computer program "Work Day".

45.

Upon hire, Stilwell was advised by the employee who trained her that TTWN only allowed employees to enter the hours of 8:00 a.m. until 5:00 p.m. and a one (1) hour lunch break through the Work Day program.

46.

Upon hire, Stilwell was directed by the employee who trained her that she was not permitted to record more than 40 hours worked for each work week through the Work Day program.

47.

During the Relevant Time Period, TTWN required that Stilwell's working hours were subject to approval by her immediate supervisor David Skalka or Alexandria Fenech.

48.

During the Relevant Time Period, David Skalka witnessed Stilwell working beyond her regularly scheduled work hours on more than one occasion.

49.

During the Relevant Time Period, Stilwell had verbal communications with her immediate supervisor David Skalka wherein she expressed her frustration about not being paid overtime and although he acknowledged her frustration, the problem was never rectified.

50.

In or about early November 2020, Stilwell had a verbal communication with her immediate supervisor Alexandria Fenech wherein she expressed her interest in

being assigned to a new position to receive a higher pay rate or to be paid overtime in her current position.

51.

In response Fenech advised Stilwell that TTWN did not pay overtime to Sales Support Assistants.

52.

During the Relevant Time Period, TTWN's Sales Managers often called or sent emails Stilwell shortly before or after 5:00 p.m. in order to assign her tasks.

53.

Stilwell often worked later than 5:00 p.m. to complete those assignments.

54.

During the period from approximately March 16, 2020 through November 25, 2020, Stilwell was very rarely afforded a period 30 minutes or more during which time she was free from all work-related duties.

55.

During the Relevant Time Period, TTWN deducted a one-hour meal break from Stilwell's work hours, regardless of whether she took a meal break or the length of that meal break.

56.

During the period from approximately June 18, 2018 through November 25, 2020, Stilwell regularly worked 45-55 hours during most, if not all work weeks.

57.

During the Relevant Time Period, Stilwell regularly worked in excess of 40 hours during most, if not all, work weeks.

58.

At all times during the Relevant Time Period, TTWN failed to compensate Stilwell at one-and-one-half times her regular hourly rate for all hours she worked in excess of 40 hours during each work week.

59.

At all times during the Relevant Time Period, TTWN was aware of the actual hours that Stilwell worked during each work week.

60.

At all times relevant to this action, TTWN knew or should have known that the FLSA applied to Stilwell.

61.

At all times during the Relevant Time Period, TTWN knew or should have known that FLSA Section 7 required that it compensate Stilwell at one–and–one–half times her regular hourly rate for work performed in excess of forty hours in each workweek.

## COUNT I–Failure to Pay Overtime

62.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

63.

Throughout the Relevant Time Period, Stilwell has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA §7(a), 29 U.S.C. §207(a).

64.

Throughout the Relevant Time Period, Stilwell regularly worked in excess of 40 hours each week.

65.

Throughout the Relevant Time Period, TTWN failed to compensate Stilwell at one and one-half times her regular hourly rate for all hours she worked in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. §207.

66.

Throughout the Relevant Time Period, TTWN willfully failed to compensate Stilwell at one and one-half times her regular hourly rate for all hours she worked in excess of 40 hours during each work week within the meaning of FLSA §55, 29 U.S.C. §255.

67.

As a result of the underpayment of overtime compensation as alleged above, Stilwell is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA §16(b), 29 U.S.C. §216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Stilwell is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. §216(b).

69.

As a result of the underpayment of overtime compensation as alleged above, Stilwell is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA §16(b); 29 U.S.C. §216(b).

WHEREFORE, Stilwell respectfully prays that this Court:

a) Grant a trial by jury as to all matters properly triable to a jury;

b) Award Plaintiff damages equivalent to all due but unpaid overtime wages;

c) Award Plaintiff a like amount in liquidated damages;

d) Award Plaintiff prejudgment interest on all amounts owed;

e) Award Plaintiff nominal damages;

f) Award Plaintiff her costs of litigation including her reasonable attorney's fees pursuant to 29 U.S.C. §216(b); and

g) Award any and such other further relief this Court deems just, equitable, and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 Marietta Street                    /s/ Kevin D. Fitzpatrick, Jr.
Suite 2650                             Kevin D. Fitzpatrick, Jr.
Atlanta, Georgia 30303                 Ga. Bar No. 262375
(404) 979-3150                         /s/Charles R. Bridgers
(404) 979-3170 (f)                     Charles R. Bridgers
kevin.fitzpatrick@dcbflegal.com        Ga. Bar No. 080791
charlesbridgers@dcbflegal.com
                                       COUNSEL FOR PLAINTIFF