## I IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| OLIVIA STILWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TTWN MEDIA NETWORKS, LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO. 1:21-cv-00714-LMM |

## **ORDER**

This case involves claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201, *et seq.*, based on Plaintiff's alleged unpaid overtime for work allegedly performed off-the-clock. This matter is before the Court upon the Joint Motion for Approval of Settlement Agreement And For Order Of Dismissal With Prejudice ("Joint Motion") of the Parties for the approval of their compromise and settlement of this action.

The Court acknowledges that this Order is a judicial approval of a reasonable compromise, not a finding, conclusion, or reflection of any admission of a violation of the Fair Labor Standards Act, willful, intentional, or otherwise. The Court has reviewed the Parties' Joint Motion and the Settlement Agreement. The Court is further aware of extensive settlement negotiation efforts. The Court is of the opinion

that there is a *bona fide* dispute over application of the relevant provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. In light of these legitimate disputes, the Court is of the opinion that the Parties' Settlement Agreement reflects a fair and reasonable resolution of these *bona fide* disputes. Consequently, the Court ORDERS as follows:

1. The Court **GRANTS** the Parties' Joint Motion.

2. The Court **APPROVES** the form of the Settlement Agreement with the exception of the general release in paragraph 4(a). As to paragraph 4(a), the Court modifies it as follows:

   **(a)** Stilwell, for herself, her attorneys, heirs, executors, administrators, successors and assigns, finally and forever fully releases and discharges finally, fully, and forever the Released Parties, of and from all claims, demands, actions, causes of actions, suits, damages, losses and expenses, of any and every nature whatsoever, that result from the actions or omissions occurring through the date this Agreement is executed by Stilwell. Stilwell waives and releases any and all claims that were or could have been brought against any of the Released Parties in the Lawsuit, any and all claims of alleged employment discrimination or retaliation (either as a result of Stilwell's resignation of employment with TTWN or otherwise), including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Equal Pay Act and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; the Employee Retirement Income Security Act of 1974; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act of 1970; the Equal Employment for Persons with Disabilities Code, the Sex Discrimination in Employment Act, the Common Day of Rest Act, and the Fair Employment Practices Act, Ga. Code Ann. §§ 34-1-2; 34-6A-2; 34-6A-4, and § 45-19-20 *et seq*., any amendments to the foregoing, any other employment or wrongful discharge provision of Georgia law; any and all claims based on "public policy"; any and all claims under any federal, state, or local laws pertaining to employment, employment compensation, or employment benefits; wrongful termination; constructive discharge; retaliation; discrimination; harassment; and breach of contract.

3. The Court **APPROVES** the monetary distribution as to Plaintiff and Plaintiff's counsel as described in the Settlement Agreement and

**ORDERS** Defendant to make payments with the exception of the requested 25% of liquidated damages that were to be paid in addition to the hourly attorney fees. As to that amount, the Court will allow payment of that amount only to the extent it equals the attorneys' fees incurred in completing the settlement process that were not originally included in the hourly rate recovery. Any amount that exceeds that number should be paid to the plaintiff. Plaintiff's counsel will provide those exact figures to Defendant's counsel.

4. This case is hereby **DISMISSED WITH PREJUDICE** with each party to bear his, her, or its own expenses and attorneys' fees except as provided in the Settlement Agreement.

The Settlement Agreement and its terms are incorporated herein, The Court shall retain jurisdiction to enforce the Settlement Agreement as necessary.

SO ORDERED, this  20th  day of      August      , 2021.

_____
THE HONORABLE LEIGH MARTIN MAY
United States District Judge

2